**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAMES JORDAN, JR.,

    Petitioner,

-vs-                                                           Case No.  8:12-cv-1134-T-30EAJ
                                                                                            8:12-cv-1282-T-30AEP
SECRETARY, DEPARTMENT OF
CORRECTIONS, and ATTORNEY GENERAL,
STATE OF FLORIDA,

    Respondents.
_____/

**<u>ORDER</u>**

This Cause is before the Court upon James Jordan, Jr.'s amended petitions for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in case number 8:12-cv-1134-T-30EAJ (hereinafter Case 1) and case number 8:12-cv-1282-T-27AEP (hereinafter Case 2). (Case 1, Dkt 10; Case 2, Dkt. 7). These cases will be consolidated. The state filed a consolidated response. (Case 1, Dkt. 20; Case 2, Dkt. 13). Upon consideration, the Court concludes that both petitions should be denied.

**Background**

In Case 1, Petitioner pled no contest to possession of cocaine, pursuant to a negotiated plea agreement, on December 5, 2007. (Case 1 Dkt. 22, Ex. 2; Case 2, Dkt. 15, Ex. 2).[1] The

---

[1] The state filed identical exhibits in Case 1, Dkt. 22 and Case 2, Dkt. 15. The Court will hereinafter cite only to the state's exhibits in Case 1, Dkt. 22.

state sentenced him to drug offender probation for a term of twenty-four (24) months. (Dkt. 22, Ex. 3). Petitioner violated his probation by committing a robbery. (Dkt. 22, Ex. 4). The robbery is the subject of Case 2.

Petitioner admitted the probation violation and pled guilty to robbery, pursuant to a negotiated plea agreement, on May 8, 2008. (Dkt. 22, Ex. 7). At sentencing, the state trial court explained the implications of Petitioner's guilty plea, and Petitioner confirmed that he entered his plea voluntarily.

> THE COURT: . . . Do you understand by entering a plea of guilty to the charge of robbery, it means the following: First, Mr. O'Leary, your attorney, will not be questioning witnesses that are the State's witnesses any further, understand that?
>
> THE DEFENDANT: Yes, sir.
> . . . .
> THE COURT: . . . Do you understand that Mr. O'Leary will not be calling in defense witnesses if there are any?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Mr. O'Leary will not be asserting defenses if any exist.
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Do you understand when a person pleads guilty, Mr. Jordan, they give up their presumption of innocence?
> . . . .
> THE DEFENDANT: Yes, sir.
>
> THE COURT: All right. Also by entering your plea you're indicating that the prosecutor assigned to the case, Mr. Migliore, will not be required to prove your guilt in front of a jury of six citizens beyond a reasonable doubt. Do you understand that?
>
> THE DEFENDANT: Yes, sir.

> . . . .
> THE COURT: . . . Is anyone threatening you to plead guilty or forcing you to plead guilty?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Are you doing so freely and voluntarily of your own accord?
>
> THE DEFENDANT: Yes.
>
> THE COURT: All right. You have been represented by Mr. O'Leary. Are you satisfied with his advice and his counsel in this matter?
>
> THE DEFENDANT: Yeah. I'm pretty much satisfied, yeah.
> . . . .
> THE COURT: When you read the plea form over, did you note that it contains your rights as well as a waiver of your rights?
>
> THE DEFENDANT: Yes, I do.
> . . . .
> THE COURT: In order to be classified as a habitual offender, I have to be satisfied that you've had two previous convictions occurring on two separate dates and the last conviction occurring within five years of this incident, the robbery.
>
> THE DEFENDANT: Yeah.
> . . . .
> THE COURT: Here is a certified conviction from the State of Ohio and they say that you were convicted of drug trafficking –
>
> THE DEFENDANT: That's correct.
>
> THE COURT: – and an offense of burglary.
>
> THE DEFENDANT: Yep.

(Dkt. 22, Ex. 6, at 7-14). The state sentenced him to concurrent terms of imprisonment of five (5) years for possession of cocaine and ten (10) years for robbery as a habitual offender. (Dkt. 22, Ex. 10).

Petitioner appealed both convictions, and his appellate counsel in both cases filed *Anders* briefs, arguing that there were no meritorious arguments for reversible error. (Dkt. 22, Exs. 19-21, 25-26); *see* 87 S. Ct. 1396. The state appellate court in both cases provided Petitioner with an opportunity to file *pro se* briefs highlighting reversible error, (Dkt. 22, Exs. 22, 27), and in both cases Petitioner instead filed notices of voluntary dismissal. (Dkt. 22, Exs. 23, 29). The state appellate court dismissed Petitioner's robbery appeal on April 8, 2009, and Petitioner's cocaine-possession appeal on May 26, 2009. (Dkt. 22, Exs. 24, 30).

Petitioner filed a series of motions for post-conviction relief in both cases, and the state court dismissed or denied all of his motions. The state court also denied Petitioner's state habeas petitions.

In the instant habeas petitions, Petitioner requests relief on six separate grounds. (Case 1, Dkt. 10, at 8-14; Case 2, Dkt. 7, at 6-11). Respondent, in its consolidated response, separated Petitioner's ineffective assistance claim in Case 2, ground 1, into two separate claims. This Court will address the following seven claims:

1. the state's failure to produce evidence of the offense of cocaine possession resulted in a miscarriage of justice, (Case 1, ground 2);

2. the state's failure to produce evidence of the offense of robbery resulted in a miscarriage of justice, (Case 2, ground 2);

3. the sentence for cocaine possession violated due process because his prior convictions do not qualify him as a habitual felony offender, (Case 1, ground 3);

4. the sentence for robbery violated due process because his prior convictions do not qualify him as a habitual felony offender. (Case 2, ground 3).

5. counsel was ineffective for failing to challenge evidence of prior convictions presented at sentencing, (Case 2, ground 1);

6. counsel was ineffective based on inadequate pretrial preparations, (Case 1, ground 1);

7. counsel was ineffective for failing to challenge the sufficiency of the state's evidence in his robbery conviction, (Case 2, ground 1);

The Respondent agrees that the Petition is timely.

**Claims 1-4**

Petitioner is procedurally-barred from asserting Claims 1-4 because each claim raises an issue of trial court error which has not been raised in state court on direct appeal. "An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." The failure of a federal habeas petitioner to adhere to state procedural rules governing the timely presentation of claims will bar federal review of those claims in a subsequent federal habeas corpus proceeding. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L.Ed.2d 594 (1977); *Sims v. Singletary*, 155 F.3d 1297, 1311 (11th Cir. 1998). The federal habeas court must defer to the state court's interpretation of its procedural rules, and must enforce those rules

as well as enforcing the procedural rulings of state courts. *See Lindsey v. Smith*, 820 F.2d 1137 (11th 1989). As the state court explained, Petitioner was procedurally-barred from raising issues of trial court error because he failed to raise them on direct appeal. (Dkt. 22, Ex. 53). Because Petitioner is procedurally-barred from raising Claims 1-4, they must be denied. However, the Court will discuss these claims to explain why they would have failed even if not procedurally-barred.

### Claims 1 & 2

Petitioner claims that the trial court erred because the state failed to produce evidence of his cocaine possession, Claim 1, and robbery, Claim 2. Petitioner's admissions of guilt preclude him from asserting these claims. "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see also Cooper v. Holman*, 356 F.2d 82, 84 (5th Cir. 1966)[2] (stating that "the plea, if voluntarily and understandingly made, is conclusive as to the defendant's guilt, admitting all facts charged and waiving all non-jurisdictional defects in the prior proceedings against him").

---

[2]Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Circ. 1981) (*en banc*).

Petitioner entered his guilty plea "freely and voluntarily," (Case 1, Dkt. 22, Ex. 6, at 10); therefore, his plea operated as an admission of all facts charged against him, regardless of any alleged defects in the state's evidentiary basis for its charges.

### Claims 3 & 4

Petitioner's federal habeas petition is the first time he has clothed Claims 3 and 4 as violations of due process. Where a petitioner has not "fairly presented" a federal constitutional claim to the state court, he has failed to exhaust his state court remedies. *Anderson v. Harless*, 459 U.S. 4, 103 S. Ct. 276, 74 L.Ed.2d 3 (1982); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L.Ed.2d 379 (1982); *Picard v. Connor*, 404 U.S. 270, 92 S. Ct. 509, 30 L.Ed.2d. 438 (1971).

Although Petitioner previously presented the facts of each underlying claim in his motions for post-conviction relief, he has not asserted a violation of his due process rights in state court proceedings. The Supreme Court has rejected the theory that by presenting the facts on which an alleged constitutional violation is based a petitioner implicitly raises the claim. *Anderson v. Harless*, 459 U.S. at 6. The petitioner must make the state court aware that the claims asserted present federal constitutional issues. *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir.), *cert. denied,* 525 U.S. 963, 119 S. Ct. 405, 142 L.Ed.2d 329 (1998). Therefore, Petitioner is barred from clothing Claims 3 and 4 as violations of due process in his federal habeas petition.

In addition to being procedurally-barred, Petitioner's third claim, that the trial court erred by sentencing him as a habitual felony offender for his cocaine-possession conviction,

(Case 1, Dkt. 10 at 13), is factually incorrect and meritless. The trial court did not sentence him as a habitual felony offender for his cocaine-possession conviction. (Case 1, Dkt. 22, Ex. 9). It sentenced him as a habitual felony offender only for his robbery conviction. (Case 1, Dkt. 22, Ex. 10).

Petitioner's fourth claim alleges that the trial court erred by sentencing him as a habitual felony offender for his robbery conviction. Petitioner argues that his two Ohio convictions were more than five years prior to his robbery sentencing. He misunderstands that his most recent felony was his cocaine-possession felony, for which he was on probation at the time he committed the robbery offense. In an order dispensing with Petitioner's motions for post-conviction relief, the state court ruled that the issue should have been raised on direct appeal. The court went on to explain why Petitioner's claim lacked merit:

> As the Defendant was serving a term of probation [for cocaine possession] at the time of the robbery charged . . . the Defendant met the time constraints of § 775.084(1)(a)2,a, Florida Statutes. The fact that the Defendant's prior Ohio convictions, for which he had not been pardoned and which had not been set aside following postconviction proceedings, occurred years earlier has no bearing on their use as predicate offenses for HFO [habitual felony offender] sentencing.

(Case 1, Dkt. 22, Ex. 38, at 4).

Even if Petitioner's claim were not procedurally-barred, this Court does not review a state court's application of its own sentencing laws. *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("It is clear from the foregoing statute [§ 2254] that a habeas petition grounded on issues of state law provides no basis for habeas relief. In the area of state sentencing guidelines in particular, we consistently have held that federal courts can not

review a state's alleged failure to adhere to its own sentencing procedures." (citing *Jones v. Estelle*, 622 F.2d 124, 126 (5th Cir.), *cert. denied,* 449 U.S. 996, 101 S. Ct. 537 (1980); *Nicholas v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977), *cert. denied,* 434 U.S. 1020, (1978); *Willeford v. Estelle*, 538 F.2d 1194, 1196-98 (5th Cir. 1976))).

### Claims 5-7

In Claims 5-7, Petitioner alleges ineffective assistance of counsel. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)). "To prevail on a claim of ineffective assistance, a defendant must establish two things: (1) 'counsel's performance was deficient,' meaning it 'fell below an objective standard of reasonableness'; and (2) 'the deficient performance prejudiced the defendant.'" *Gordon v. United States*, 518 F.3d 1291, 1297 (11th Cir. 2008) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)).

### Claim 5

Petitioner claims counsel was ineffective for failing to challenge evidence of prior convictions presented at sentencing. Even though he tries to couch this as an ineffective-assistance-of-counsel claim, at bottom it's really a challenge to the state's application of its sentencing laws, an issue Petitioner should have raised on direct appeal.

Even if this Court were to entertain it on the merits as an ineffective-assistance-of-counsel claim, it would conclude that there's no deficient performance. As the state court explained, Petitioner's ineffective-assistance claim is based on his misunderstanding of

Florida sentencing laws. Section 775.084 of the Florida Statutes states that a defendant qualifies as a habitual felony offender if:

> [t]he defendant has been convicted of any combination of two or more felonies in this state or other qualified offenses . . . . [and] [t]he felony for which the defendant is to be sentenced was committed: . . . within 5 years of the date of the conviction of the defendant's last prior felony . . . . "Qualified offense" means any offense, substantially similar in elements and penalties to an offense in this state, which is in violation of a law of any other jurisdiction . . . .

Fla. Stat. § 775.084(1)(a). Petitioner argues that his Ohio convictions fall outside the required five-year period, but fails to realize that his cocaine-possession conviction falls within the required five-year period. Only "the defendant's last prior felony" must fall within the required five-year period. Petitioner does not argue that his Ohio convictions should not be considered a "qualified offense" under the statute. Because the challenge that Petitioner alleges his attorney failed to make lacks merit, Petitioner has failed to prove that his attorney's performance was deficient.

### Claims 6 & 7

Petitioner claims counsel was ineffective based on inadequate trail preparations, Claim 6, and failure to challenge the sufficiency of the state's evidence, Claim 7. At sentencing, petitioner testified that he was satisfied with his attorney, that he entered the guilty plea voluntarily, and that he understood the rights he waived by pleading guilty. (Case 1, Dkt. 22, Ex. 6). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims

relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973).

Petitioner's guilty plea precludes him from asserting Claims 6 and 7, which both assert deprivations that occurred prior to the entry of his guilty plea. At sentencing, Petitioner "underst[oo]d that [his attorney] w[ou]l[d] not be calling in defense witnesses if there [we]re any," and "w[ou]l[d] not be asserting defenses if any exist[ed]." (Case 1, Dkt. 22, Ex. 6, at 7). He also understood the "waiver of [his] rights" that would result from his admission of guilt. (Case 1, Dkt. 22, Ex. 6, at 10). Therefore, Petitioner's admissions of guilt bar him from asserting claims of ineffective assistance of counsel for inadequate pretrial preparations and failure to challenge the state's evidence of his convictions.

ACCORDINGLY, the Court ORDERS:

1. That Petitioner's amended petitions for writ of habeas corpus in case numbers 8:12-cv-1134-T-30EAJ and 8:12-cv-1282-T-30AEP are hereby consolidated, and the consolidated Petition is **DENIED**.

2. The **Clerk** is directed to enter judgment for Respondent and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a COA. Section 2253(c)(2) permits issuing a COA "only if the

applicant has made a substantial showing of the denial of a constitutional right." To merit a COA, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Petitioner has not made this showing.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on May 29, 2013.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2012\12-cv-1134.deny 2254.wpd